**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-CV-23289-ELFENBEIN

**PEDRO ANAYA**,

Plaintiff,

v.

**NEW HORIZONS CMHC, INC.**,

Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

**THIS CAUSE** is before the Court on a *sua sponte* review of the record.  Pursuant to Administrative Order 2025-11, which applies to cases that include as a party "a non-prisoner *pro se*" litigant, this case was assigned to me as the presiding judge for all purposes, including entering dispositive orders, presiding over any trial, and entering a final judgment.  On May 11, 2026, Plaintiff Pedro Anaya ("Plaintiff") filed a Complaint against Defendant New Horizons CMHC, Inc. ("Defendant").  *See* ECF No. [1].  In the Complaint, Plaintiff  does not identify a specific, judicially cognizable claim for which he seeks relief.  Plaintiff alleges this Court has jurisdiction under "diversity of citizenship," though he gives conflicting information about his citizenship: he says he is a citizen of California, *see* ECF No. [1] at 3, but he claims to reside in Dade County and provides a Miami street address for himself, *see* ECF No. [1] at 1, 3; ECF No. [1-2].

After reviewing the Complaint, the Court surmised that it may lack subject-matter jurisdiction over this lawsuit.  For that reason, and because Plaintiff is proceeding *pro se*, the Court gave him a chance to establish, if possible, that the Court has subject-matter jurisdiction over the Complaint.  *See* ECF No. [5]; *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998);

*Bank of New York Mellon v. Bazile*, No. 24-CV-60328, 2024 WL 5433074, at \*1 (S.D. Fla. May 30, 2024); *cf. Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018). Specifically, the Court ordered Plaintiff to show cause why the Court should not dismiss this action for lack of subject-matter jurisdiction by highlighting any basis for subject-matter jurisdiction. *See* ECF No. [5] at 4. The Court ordered Plaintiff to do so by June 1, 2026, and he failed to respond.

District courts have original jurisdiction if the case contains a federal question, *see* 28 U.S.C. § 1331, or the parties are completely diverse and meet the amount-in-controversy requirement, *see* 28 U.S.C. § 1332(a); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013); *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303 (S.D. Fla. 2016). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The "party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).

Because "[f]ederal courts are courts of limited jurisdiction," they "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Courts "should inquire into whether" they have "subject matter jurisdiction at the earliest possible stage in the proceedings," and they must do so "*sua sponte* whenever it may be lacking." *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.").

In the Complaint, Plaintiff asserts the Court has jurisdiction under "diversity of citizenship," *see* ECF No. [1] at 3, but it does not appear that Plaintiff satisfies either of the criteria to invoke that statute.  First, as explained above, jurisdiction under § 1332 requires complete diversity, *see* 28 U.S.C. § 1332(a); *Travaglio*, 735 F.3d at 1268; *Orchid Quay, LLC*, which requires that Plaintiff and Defendant be citizens of different States, *see Triggs*, 154 F.3d at 1287.  Plaintiff fails to allege Defendant's citizenship, though he lists a Miami-Dade County address for it.  *See* ECF No. [1] at 2; ECF No. [1-2].  And while Plaintiff alleges that he is a citizen of California, *see* ECF No. [1] at 3, he also lists for himself a street address in Miami, and indicates he resides in Dade County, *see* ECF No. [1] at 1; ECF No.[1-2].  It is therefore unclear from the face of the Complaint whether Plaintiff is diverse from Defendant, which is necessary to establish the complete diversity required for the Court to have subject-matter jurisdiction under § 1332.  *See Triggs*, 154 F.3d at 1287. Indeed, if Plaintiff and Defendant are citizens of the same state, complete diversity is defeated.  *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004); *Triggs*, 154 F.3d at 1287.  And no complete diversity means no diversity jurisdiction.  *See Triggs*, 154 F.3d at 1287.  As a result, the Court cannot ensure that complete diversity exists, *see id.*, as it is required to do, *see Univ. of S. Ala.*, 168 F.3d at 410; *Ruhrgas AG*, 526 U.S. at 583.

Second, jurisdiction under § 1332(a) also requires that the amount in controversy be more than $75,000. *See* 28 U.S.C. § 1332(a); *Travaglio*, 735 F.3d at 1268; *Orchid Quay, LLC*. While Plaintiff indicates that the amount in controversy is "high compensation," he fails to include a specific dollar amount, *see* ECF No. [1] at 4, so the Court cannot assess whether he meets that requirement of § 1332(a).  *See Osting-Schwinn*, 613 F.3d at 1085.  It is Plaintiff's burden to establish by a preponderance of the evidence that federal jurisdiction exists, *see Osting-Schwinn*,

613 F.3d at 1085, and he has not done so as to diversity jurisdiction under § 1332. *See Rolling Greens*, 374 F.3d at 1021–22; *Triggs*, 154 F.3d at 1287.

Similarly, Plaintiff does not assert federal question jurisdiction under § 1331, nor does he frame his claims in terms that make clear he is alleging a federal cause of action. *See* generally ECF No. [1]. And it is Plaintiff's burden to establish, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. *See Osting-Schwinn*, 613 F.3d at 1085. Given the lack of information in Plaintiff's Complaint and his wholesale failure to respond to the Order to Show Cause and provide the Court with additional necessary information, the Court remains unable to assess whether it has subject-matter jurisdiction under § 1331.

The Court made clear in the Order to Show Cause that if Plaintiff failed to properly allege subject-matter jurisdiction in his response, the Court might dismiss this case without prejudice for lack of subject-matter jurisdiction without further warning. *See* ECF No. [5] at 4; *Travaglio*, 735 F.3d at 1268 ("[I]f a Complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case."). And Plaintiff did not respond to the Order to Show Cause at all, let alone with information sufficient to establish federal subject-matter jurisdiction. Accordingly, the Court must conclude that it lacks subject-matter jurisdiction over Plaintiff's claims. *See Kokkonen*, 511 U.S. at 377; *Ruhrgas AG*, 526 U.S. at 583; *Univ. of S. Ala.*, 168 F.3d at 410. For the foregoing reasons, I respectfully **RECOMMEND** that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction, that the Motion to Proceed in Forma Pauperis, **ECF No. [3]**, be **DENIED as moot**, and that the case be **CLOSED**.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned

4

United States District Judge.  Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on June 2, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

**Pedro Anaya**
1255 NW 58th St
Apt 206
Miami, FL 33142
Email: pedroanya20241972@gmail.com
*PRO SE*